UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID WARREN GALVIN, JR.,
and SUSAN E. GALVIN,

    Plaintiffs,

v.                                    Case No. 3:24-cv-340-TKW-HTC

PAM CHILDERS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiffs David Warren Galvin, Jr., and Susan E. Galvin, proceeding *pro se*, have filed a complaint for a declaratory judgment against Pam Childers, the Clerk of Court for Escambia County, seeking to enjoin Childers from conducting a public foreclosure sale on their property.  Doc. 1.  This action should be DISMISSED, *sua sponte*, for lack of subject-matter jurisdiction.

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).  This is because federal courts are courts of limited subject-matter jurisdiction that possess only the power authorized by statute or the Constitution.  *Kokkoken v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  Absent a grant of such jurisdiction, a federal court is "powerless" to consider

the merits of a case. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Thus, a court "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.* If, at any time, the court determines it lacks subject-matter jurisdiction, the court must dismiss the action without prejudice. Fed. R. Civ. P. 12(h)(3).

Generally, district courts have subject-matter jurisdiction over only two types of cases: (1) a case involving a federal question or (2) a case involving parties with diversity of citizenship. *See* 28 U.S.C. §§ 1331, 1332. "A plaintiff properly invokes [federal question] jurisdiction when [ ]he pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513. Diversity jurisdiction requires that (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and (2) the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). It is the Plaintiffs' burden to establish subject-matter jurisdiction on the face of the complaint. *See* Fed. R. Civ. P. 8(a)(1) (providing that a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction"). Plaintiffs have not met that burden here.

This dispute does not raise a federal question. To establish federal question jurisdiction, Plaintiffs rely on Public Law 88-243. Doc. 1 at 2–4. Their argument, however, is misplaced. The Act Plaintiffs reference, although enacted by Congress, is not a federal law of the United States but merely a local law of the District of

Columbia, whose purpose is to adopt the Uniform Commercial Code in the jurisdiction thereof. *See* Pub.L. 88-243, 77. Stat. 630. Such law cannot serve as a basis for this Court's federal question jurisdiction. *See Spivey v. Barry*, 665 F.2d 1222, 1227 (D.C. Cir. 1981) (noting that "federal question jurisdiction of the federal courts under 28 U.S.C. § 1331 is not available in cases arising under the laws of the District of Columbia"); *see also Dimond v. D.C.*, 792 F.2d 179, 188 (D.C. Cir. 1986) ("For purposes of federal question jurisdiction, Congress has expressly excluded all 'laws applicable exclusively to the District of Columbia' from the body of 'federal' law.") (citing 28 U.S.C. § 1364). Indeed, "[r]emedies to set aside foreclosure are traditionally relegated to state law." *Hall v. SunTrust Mortg., Inc.*, 2012 WL 13130303, at *1 (N.D. Ga. Feb. 27, 2012) (quoting *Bright v. Nimmo*, 756 F.2d 1513, 1516 (11th Cir. 1985)) (cleaned up).

Likewise, there is no diversity jurisdiction. The Galvins are citizens of Florida and Childers is a citizen of Florida. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("diversity jurisdiction is not [ ] available when any plaintiff is a citizen of the same State as any defendant").

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

2. That all pending motions be DENIED as MOOT.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 25th day of July, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:24-cv-340-TKW-HTC